■ NATIONAL MEDICAL MANAGEMENT, INC., Appellant, v MIDLAND EMERGENCY ASSOCIATES et al., Respondents. — In an action to recover payments due upon termination of a contract, plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Cerrato, J.), entered May 6, 1983, as denied its motion, *inter alia,* to dismiss certain counterclaims and affirmative defenses and for summary judgment. ¶ Order modified, by deleting therefrom the words "Both motions are denied" and substituting therefor the following: "Plaintiff's motion is granted to the extent of dismissing defendants' first and second counterclaims and their fourth affirmative defense, and is otherwise denied. Defendants' motion is denied." As so modified, order affirmed insofar as appealed from, without costs or disbursements. ¶ Plaintiff National Medical Management, Inc. (NMMI), is a corporation which conducts a computerized medical billing service. Defendant Midland Emergency Associates (Midland) is a partnership of physicians consisting of defendants Yablon and Shapiro. The parties entered into an agreement whereby NMMI would provide billing services to Midland. The agreement provided, *inter alia,* that in the event of termination of the agreement, NMMI would be entitled to a percentage of its normal fee for accounts receivable. ¶ Midland thereafter gave NMMI written notice of termination, and a dispute arose regarding the rights of the respective parties upon termination of the agreement. On or about July 21, 1982, Midland commenced an action against NMMI in the Supreme Court, Rockland County, to recover, *inter alia,* damages for breach of contract, conversion and fraud. On or about July 22, 1982, NMMI commenced an action against Midland in the Supreme Court, Nassau County, seeking, *inter alia,* amounts due under the agreement for collected accounts and accounts receivable, and damages for lost profits. ¶ The parties thereafter entered into a written stipulation for the purpose of "narrowing the issue and resolving certain aspects of their disputes". The stipulation provided, *inter alia,* that both pending actions would be discontinued; that NMMI's claims involving fees for completed or collected accounts and lost profits would be withdrawn with prejudice, as would Midland's claims for damages based on breach of contract, conversion and fraud; that the balance of allegations made in the respective complaints would be incorporated in amended pleadings in a single action, entitled "National Medical Management, Inc., Plaintiff, — against — Midland Emergency Associates, Steven Yablon and Kenneth Shapiro, Defendants", in the Supreme Court, Westchester County; and that the remaining dispute to be resolved was whether NMMI was entitled under the agreement to payment for completed work receivables, i.e., accounts receivable which had been entered into NMMI's computer cycle. ¶ Pursuant to the stipulation, NMMI served an amended complaint containing, *inter alia,* a claim for payment in connection with the completed work receivables. Defendant's answer to the amended complaint alleged, *inter alia,* breach of contract (as an affirmative defense and counterclaim); fraud (as an affirmative defense); and mutual mistake (as an affirmative defense and counterclaim). Plaintiff NMMI then moved, among other things, to dismiss defendants' counterclaims (CPLR 3211, subd [a], par 6) and affirmative defenses (CPLR 3211, subd [b]) and for summary judgment on its amended complaint (CPLR 3212). Special Term denied the motion in all respects, and plaintiff has appealed. ¶ We agree with Special Term that the existence of factual issues in this case precludes the granting of summary

judgment. However, Special Term's order must be modified to the extent of granting those branches of plaintiff's motion which sought to dismiss defendants' first and second counterclaims for breach of contract and mutual mistake; those counterclaims may not be interposed in this action by reason of the parties' stipulation (CPLR 3211, subd [a], par 6). In addition, defendants' fourth affirmative defense must be dismissed; a claim for counsel fees does not state a defense (CPLR 3211, subd [b]). Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.